UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

            - against -

VADIM CHERVIN,

                    Defendant.
------------------------------------------------------------X

10 CR 918 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On September 13, 2012, Defendant Vadim Chervin ("Defendant" or "V. Chervin") moved pursuant to Rule 33 of the Federal Rules of Criminal Procedure to set aside the verdict of the jury finding him guilty of conspiracy to commit Health Care Fraud and Mail Fraud.  The Defendant argues that the Court erred in admitting the Defendant's prior conviction into evidence, even for a limited purpose, and that the Government misused the evidence in its closing argument by overstating the inferences to be drawn from the prior convictions of the Defendant and two of the co-conspirators – Aron Chervin, the Defendant's father ("A. Chervin"), and Slava Dobrer, the Government's cooperating witness ("Dobrer") – and thus tainting the jury's deliberations.  For the reasons stated below, the Defendant's motion is denied.

  **I.  Factual and Procedural History**

       On July 2, 2012, prior to the start of trial, Defendant's counsel made a motion <u>in limine</u> to preclude the Government from either introducing the Defendant's 1997 wire fraud conviction as part of its case-in-chief or using that prior conviction as impeachment evidence should the Defendant choose to testify.  (Def.'s Mem. of Law in Supp. of a Mot. to Set Aside the Verdict Pursuant to Rule 33 of the Fed. R. of Crim. P. ("Def.'s Mem.") at 1-2, Sept. 13, 2012, ECF No.

1

457.) During the hearing held on July 17, 2012 addressing the motions in limine, the Court stated that

> I'm not going to rule at this time on the prior conviction of Vadim Chervin, and it seems to me I should put it off till trial. And, of course, if the Defendant takes the stand, I think it would be admissible. But if he doesn't take the stand, I'm not sure. I'm not sure. The nature of the instruction that would be given is something that I have to think about. Because it seems to me I would have to give a qualifying instruction. And there is some prejudice in putting it in the Government's case, and I think it takes very careful language, and depends on the circumstances, all the circumstances that have occurred prior to the submission of the Government's request to a admit it in evidence.

(Tr. of July 17, 2012 Hr'g ("Tr. 7/17/12") at 5-6.) Although the Government joined the Defense in seeking a ruling on the admissibility of the 1999 conviction prior to opening statements, the Court declared that "I don't want to address it beforehand. I want to take into consideration what has just transpired in the openings and in the trial before it is considered. That seems to be a practice that the Circuit has approved of." (Id. at 6-7.) After a lengthy discussion of the Defense's strategy and its plan for handling the prior conviction of Aron Chervin,[1] the Defense recognized that "[r]ealistically, if [Vadim] Chervin testifies, [his prior conviction] is coming in anyhow." (Id. at 21.) The Court confirmed "[t]hat's true." (Id.) The Defense then acknowledged that the questions of if, how, and when the Government could use evidence of V.

---

[1] The Defense indicated that it intended "to elicit the fact that Aron Chervin pled guilty" and that the Defense's "theory [was] that Aron, essentially, sucked his stepson in" to the fraud conspiracy. (Tr. 7/17/12 at 19.) In response, the Government stated that it would be willing to "stipulate that [A. Chervin] pled guilty, to save some time. But if that is the argument, and if that's the strategy, and we're going to have that stipulation, then Vadim's prior conviction should come in in our case in chief." (Id. at 20.) The Court reiterated its desire to "delay the ruling on that prior conviction. Because not only does it go to Mr. Chervin's, this defendant's, plea of guilty in a fraud case, but it also links him to a co-defendant . . . who pled guilty. And there's some prejudice in that." (Id.) However, the Court also noted that if the Defense planned to bring out A. Chervin's prior conviction in its affirmative defense, "then maybe there isn't so much prejudice in" admitting evidence of Vadim Chervin's prior conviction. The Court stated that "[i]t's the degree of prejudice that worries me." (Id.) The Defense responded by stating "[t]here may be some merit to that position, your Honor. I'm not withdrawing my motion [to preclude the Government from using Vadim Chervin's prior conviction], but . . . I can't have it both ways, I suppose." (Id.)

Chervin's prior fraud conviction "depend[] on whether or not I believe that this case can be won without a defense case," which would rely on testimony from the Defendant.  (Id.)

Subsequently, the Defense "determined that the only defense to the charges was lack of knowledge of the fraud" and that this defense "necessitated the testimony of the [D]efendant." (Def.'s Mem. at 2.)  The jury was impaneled on August 6-7, 2012.  Given "the ruling by the Court that the jury would find out about the conviction on cross-examination," the Defense chose to disclose the Defendant's prior fraud conviction in its opening statement, (id.), and argue that the jury should disregard it because the Defendant only allocuted to his guilt in that prior case because he could not afford to go to trial, (see Tr. of Aug. 6-7, 2012 Trial ("Trial Tr.") at 41.)

In its case-in-chief, the Government introduced evidence that the Defendant knew of the fraudulent nature of the conspiracy charged in the indictment and actively participated in furthering it.  Through wiretaps of Aron Chervin's phone, the Government demonstrated that the Defendant, Aron Chervin, and Dobrer agreed, before the first patients were ever seen in their clinic, that patients would undergo a set number of nerve conduction tests and that the Defendant, as the biller, would arrange for insurers to be billed at pre-set amounts for those tests. (Trial Tr. at 270-71, 274-75; Govt. Ex. 10552-T at 11; Govt. Ex. 10767-T at 7.)  The Government provided evidence that the Defendant suggested preparing bills that averaged a higher amount so that even if some claims were denied, the conspiracy would still hit its target average per patient seen.  (Govt. Ex. 10858-T at 5; Govt. Ex. 11472-T at 5-6.)  The actual bills sent to insurers reflected these target amounts.  (Trial Tr. at 68, 73, 138-39.)  In addition, the Government produced evidence that the Defendant stated "[i]t's going to be the beginning of the end" upon learning that GEICO planned to examine Dr. William Gibbs ("Gibbs"), the nominal owner of the fraudulent medical corporation and one of the co-conspirators, under oath about the

bills submitted to GEICO.  (Govt. Ex. 20598 at 3.)  The Defendant and his father also discussed the need to prepare Gibbs for the interview and the need to accompany him at it.  (Id. at 4.)

The Defendant testified in his own defense and denied knowing that he was participating in a fraud.  He discussed his prior 1997 wire fraud conviction, (Trial Tr. at 631-33; 804-09), and admitted knowing of his father's criminal background, (id. at 631, 642-47).  On cross-examination, he acknowledged that he knew that Dobrer had been imprisoned in the 1990s.  (Id. at 719-20.)

Immediately after evidence of Vadim Chervin's prior conviction was first admitted, the Court gave the jury the following instructions:

> You've just head evidence that Mr. Vadim Chervin was convicted of a crime of wire fraud in 1997.  This evidence is admitted only insofar as it – as you may consider it for a single purpose, namely, insofar as it bears on the Defendant's knowledge and intent.  You may not consider it as any evidence that the Defendant has a propensity for committing the crimes charged or criminal activity generally, and you may not consider it as evidence to conclude that because Vadim Chervin committed the prior crime, he must also have committed the acts charged in the indictment.
>
> You may not consider his prior conviction in any way except for the limited purpose of helping you to decide how much of his testimony to believe or what weight, if any, to give it.  And you're specifically instructed that you may not consider Mr. Chervin's prior conviction as any evidence of his guilt in this case.
>
> \*\*\*
>
> Nor may you consider this evidence as proof that the Defendant has a criminal personality or bad character.  The evidence is only allowed for the limited purpose that I just described to you.

(Id. at 608-09).  Subsequently, in response to a juror's note received prior to the start of deliberations, the Court also instructed the jury on the limited purpose for which it could consider Aron Chervin's prior conviction in determining Vadim Chervin's guilt:

4

> You can consider Aron's criminal experience insofar as you find that it bears on Vadim's knowledge in connection with this case. But you may not consider Aron Chervin's prior conviction as evidence of Vadim Chervin's propensity to commit crime or to commit any of the crimes in this case.

(Id. at 759.)

The Government's summation included the following description of the significance of the Chervins' prior convictions:

> The next reason that Vadim Chervin knew he was engaged in fraud is that he knew his business partners were felons. Chervin knew his father and Slava Dobrer were felons. On cross-examination, Vadim Chervin said he knew Slava Dobrer was a felon but he didn't know what for. Well, he certainly knew he was a felon, but he knew exactly what Aron Chervin had been guilty of.
>
> If we go to the next slide, these are the two government exhibits, the judgments of conviction for Vadim Chervin and Aron Chervin. And what you see at the very top is Aron Chervin was convicted in the same case as Vadim Chervin. The way you know it's the same case is it's the same case number. They were charged in the same indictment. Aron Chervin was guilty of a conspiracy to commit money laundering, wire fraud, and excise tax evasion. And below it, you can see Vadim Bruselovsky, also known as Vadim Chervin, was convicted of wire fraud. Vadim Chervin admitted that wire fraud is a crime of dishonesty. He knew that his business partners were felons, and at least one of them, his father, was convicted of crimes of dishonesty. Those are the people he chose to work with. So you know that he knew that his business partners had these problems in the past, and now he says he was just a biller and that he didn't think there was anything wrong.

(Id. at 863-64.)

In its charge to the jury, the Court reiterated the limited purpose for which the Defendant's prior conviction had been admitted:

> You learned during Defendant Vadim Chervin's testimony that he was previously convicted of fraud. This prior conviction was received into evidence for the sole purpose of helping you decide how much of his testimony to believe, and insofar as you find it may bear on his knowledge and intent in this case. I want to

5

> caution you [that] you may not consider Vadim Chervin's prior conviction in any way except for the limited purpose of helping you decide how much of his testimony to believe and what weight, if any, to give it. You are specifically instructed [that] you may not consider Vadim Chervin's prior conviction as any evidence of his guilt in this case or as any evidence of his propensity to engage in criminal conduct.

(Id. at 979.)

The Defense did not object to any of the Court's instructions. Nevertheless, the Defense now argues that a new trial is warranted "in the interest of justice" under Rule 33 because the Court never should have admitted evidence of the Defendant's prior conviction, even for the limited purpose of helping the jury determine the Defendant's credibility, and that the Government's summation overstepped this limited purpose. (Def.'s Mem. at 4.)

**II. Legal Standard**

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Second Circuit has held that "on a Rule 33 motion to vacate, the ultimate test is whether letting a guilty verdict stand would be a manifest injustice" and "[t]here must be a real concern than an innocent person may have been convicted." United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotations omitted). It is appropriate for a trial court to deny a Rule 33 motion where the evidence of guilt is overwhelming even without the contested evidence. Id. Moreover, it is well-established that juries are presumed to follow instructions from the Court, including instructions limiting the purposes for which the jury may consider specific evidence. See, e.g., Zafiro v. United States, 506 U.S. 534, 540 (1993) ("[E]ven if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and juries are presumed to follow their instructions"); see also Richardson v. Marsh, 481 U.S. 200,

206 (1987) (stating that it is an "almost invariable assumption of the law that jurors follow their instructions"); United States v. Pforzheimer, 826 F.2d 200, 205 (2d Cir. 1987) (same).

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes . . . ." When assessing whether to admit evidence pursuant to Rule 404(b), district courts should consider whether: (1) the other-act evidence is offered for a proper purpose; (2) the evidence is relevant to a disputed issue; (3) the probative value of the evidence is substantially outweighed by its potential for unfair prejudice; and (4) a limiting instruction is appropriate. United States v. Curley, 639 F.3d 50, 56-57 (2d Cir. 2011).

Rule 609(a) states that evidence of a criminal conviction is admissible to attack a "witness's character for truthfulness" if the conviction is for a crime that is "punishable by death or by imprisonment of more than one year." Fed. R. Evid. 609(a). The Court may admit evidence of any crime, if it can "readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2). When "more than 10 years have passed since the witness's conviction or release from confinement," however, the evidence of the conviction is admissible only if the Court determines that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

### III. Discussion

#### A. The Court's Decision to Admit Evidence of Vadim Chervin's Prior Conviction

The Defense argues, citing United States v. Sims, 588 F.2d 1145, 1148 (6th Cir. 1978) and United States v. Brown, 609 F. Supp. 2d 306 (E.D.N.Y. 2009), that the "Court should use

7

hindsight to admit that it made a mistake in permitting the prior conviction to come up at all" because "other courts recognize that when [prior convictions] are offered for the purpose of impeaching a witness, stale convictions often shed little light on the present tendency for [sic] the witness toward truthfulness and veracity."  (Def.'s Mem. at 4.)  Under Rules 404(b) and 609(a), however, the Court did not err in admitting evidence of the Defendant's 1997 fraud conviction for the limited purpose of impeaching the credibility of his trial testimony.

The Second Circuit has adopted an inclusionary approach to admitting evidence of other crimes, wrongs, or acts under Rule 404(b) for any purpose other than to show a defendant's criminal propensity.  See, e.g., United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004); United States v. Lasanta, 978 F.2d 1300, 1307 (2d Cir. 1992.)  The Circuit has specifically held that in a conspiracy case such as this one, prior convictions are admissible as "background information to demonstrate the existence of a relationship of mutual trust, or to 'enable the jury to understand how the illegal relationship between the co-conspirators developed.'"  United States v. Guang, 511 F.3d 110, 121 (2d Cir. 2007) (quoting United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996).  Here, the Court properly applied Rule 404(b) because the evidence of Vadim Chervin's prior fraud conviction was admissible in the Government's case-in-chief for the limited purpose of showing that Vadim Chervin had knowledge that Aron Chervin was previously involved in an illegal scheme with fraudulent objectives.  The probative value of the conviction for this limited purpose was not "substantially outweighed by the danger of unfair prejudice" to the Defendant. Fed. R. Evid. 403.

Prior convictions involving crimes of dishonesty or false representation are automatically admissible under Fed. R. Evid. 609(a)(2) as they bear on a witness's propensity to testify truthfully, see, e.g., United States v. Estrada, 430 F.3d 606, 615 (2d Cir. 2005), and one of the

essential elements of wire fraud is "obtaining money or property by means of false or fraudulent pretenses, representations, or promises," 18 U.S.C § 1343.  Convictions over ten years old, however, should only be admitted in rare circumstances.  See Zinman v. Black & Decker, Inc., 983 F.2d 431, 434 (2d Cir. 1993).  Nevertheless, courts in this Circuit have consistently admitted convictions over ten years of age when the prior crimes involved falsification and the credibility of the testifying witness was crucial to the outcome of the current case.  See e.g., Zinman, 983 F.2d at 434; United States v. Gilbert, 668 F.2d 9, 97 (2d Cir. 1981).  Ultimately, the Court must determine whether "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b).

Here, the alleged fraudulent scheme involved the preparation and submission of falsified medical bills to insurers.  (Indict. ¶ 11.)  Although the Defendant admitted preparing these bills, the Defendant's counsel argued and the Defendant testified that he was unaware of the fraud being perpetrated around him.  (See Trial Tr. at 41-43, 660-64, 670-73, 691, 694, 777-781.)  Essentially, the Defendant relied upon a good faith and lack of knowledge defense grounded in his own testimony, and thus the credibility of that testimony was crucial.  Moreover, the risk of prejudice to the Defendant did not outweigh this high probative value.  First, the Defense opened the door: Defendant's counsel first raised the Defendant's prior conviction in its opening statement and used Aron Chervin's prior conviction for fraud to suggest that Aron pulled Vadim Chervin into the conspiracy.  (See Trial Tr. at 41-42, 877, 879.)  Second, the Defendant's prior conviction of wire fraud was sufficiently different from the crimes charged in this case that the jurors did not face "inevitable pressure . . . to believe that that 'if he did it before he probably did so this time.'"  See Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967) (holding that convictions that are for the same crime should be admitted sparingly).

For these reasons, the Defendant's prior conviction was admissible under both Rule 404(b) and Rule 609(a).

### B. The Government's Use of the Prior Conviction

The Defense asserts that "the Government, despite having argued that the [Rule] 404(b) [of the Federal Rules of Evidence] value of the Vadim Chervin conviction was to show knowledge, did not utilize it that way." (Id.) According to the Defense, instead of "proffer[ing] it as independent proof of knowledge . . . the Government let the conviction sit there so that the jury would do precisely what it was instructed not to do, use it to determine the criminal character of the defendant." (Id.) The Defense argues that while the Defendant's knowledge of the prior convictions of Aron Chervin and Dobrer may have "provided the link to his knowledge of the conspiracy," the Defendant's own prior conviction had no bearing on whether he knew that the enterprise he was involved in with his father and Dobrer was fraudulent. (Id. at 5.) Instead, the Defense contends that the Defendant's conviction served no purpose other than to "create a patina of general criminality." (Id.)

In essence, the Defense's argument is that the Government presented its case and summation in such a way as to lead the jury to infer from the Defendant's prior conviction that he possessed a criminal character and thus a propensity to commit crimes, specifically the crime of which he was accused in this case. The Court, however, specifically instructed the jury that it could not consider the evidence for this exact improper purpose at the time the evidence was introduced, (see Trial Tr. at 608-09), prior to the close of arguments, (see id. at 759), and again prior to releasing the jury to deliberate, (see id. at 979). Given that jurors are presumed to follow the Court's instructions, the Defense's argument is unpersuasive. See Zafiro, 506 U.S. at 540.

Moreover, relief under Rule 33 is only appropriate where "letting a guilty verdict stand would be a manifest injustice" based on "real concern than an innocent person may have been convicted." Snype, 441 F.3d at 140. The Second Circuit has repeatedly held that "We will not disturb [a] conviction if, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Greer, 631 F.3d 608, 613 (2d Cir. 2011) (quoting United States v. Xiao Qin Zhou, 428 F.3d 361, 370 (2d Cir. 2005)). Here, the Government presented sufficient evidence to support the jury's verdict that Vadim Chervin knew of the fraudulent nature of the enterprise he was engaged in with his father and Dobrer.

## IV. Conclusion

For the reasons stated above, the Defendant's motion for a new trial pursuant to Rule 33 is hereby denied.

IT IS SO ORDERED.

Dated: New York, New York
January 10, 2013

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion & Order were sent via fax to:**

*Government's counsel:*

**Jason Peter Hernandez**
United States Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
Ph: (212) 637-1024
Fax: (212) 637-2527


*Defendant's counsel:*

**Akiva Ofshtein**
Ofshtein Law Firm, P.C.
1723 East 12th Street, 4th Floor
Brooklyn, NY 11229
Ph: (718) 455-5252
Fax: (718) 455-5255

**Frederick Harvey Cohn**
Law Office of Frederick H. Cohn
111 Broadway, Suite 1805
New York, NY 10006
Ph: (212) 768-1110
Fax: (212) 267-3024